Jenny H. Wang CA Bar No. 191643
jenny.wang@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:     714-800-7900
Facsimile:      714-754-1298

Attorneys for Respondent and
Counter/Cross-Claimant-in-Interpleader
Sun Life Assurance Company of Canada

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of:<br><br>THE NG FAMILY TRUST<br><br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>        Respondent and Counter/Cross-Claimant-in-Interpleader,<br><br>   vs.<br><br>LISA M. NG, as trustee for the Mary Ng Irrevocable Trust Dated 4/7/78; RICHARD BRADLEY NG, as trustee for the Ng Family Trust; and THE ESTATE OF MARY A. NG,<br><br>        Counter/Cross-Defendants-in-Interpleader. | Case No. 2:21-at-900<br><br>**SUN LIFE ASSURANCE COMPANY OF CANADA'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>[*Filed Concurrently with Civil Cover Sheet; Corporate Disclosure Statement; Answer to Petition and Counter/Cross-Claim-in-Interpleader*]<br><br>Complaint Filed: April 20, 2021<br>Trial Date:          None Set<br>District Judge:   Hon. TBD<br>Magistrate Judge: Hon. TBD |

48613964_1.docx

Case No. 2:21-at-900
SUN LIFE ASSURANCE COMPANY OF CANADA'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

**TO THE HONORABLE COURT AND TO ALL PARTIES OF RECORD:**

**PLEASE TAKE NOTICE** that Respondent and Counter/Cross-Claimant-in-Interpleader Sun Life Assurance Company of Canada ("Sun Life") hereby removes this action to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. Sections 1332, 1441 and 1446, on the grounds that there is complete diversity of citizenship between Sun Life -- a Canadian corporation doing business in the United States with its principal place of business in the United States in Wellesley Hills, Massachusetts – and the Counter/Cross-Defendants-in-Interpleader who are all California citizens; and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest or costs, as set forth in section 1332(a). The foregoing facts that establish the basis for diversity jurisdiction under 28 U.S.C. Section 1332 were true at the time that the Petition in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below.

On April 20, 2021, Richard Bradley Ng, as trustee for the Ng Family Trust, commenced this action against Sun Life by filing a "Petition to Determine Ownership of Estate Property and for an Order Authorizing and Directing Trustee to Transfer Estate Property" in the Superior Court of California, in and for the County of Sacramento, entitled "In the Matter of: The Ng Family Trust," Sacramento County Superior Court Case Number 34-2021-00299059 (the "State Court Petition"). The State Court Petition was made under California Probate Code Section 850 and is a "civil action" within the meaning of 28 U.S.C. § 1141(a) and (2) that can be removed to this Court. *See In the Matter of the Estate of John Henry Kendricks v. Artists Rights Enforcement Corp.*, 572 F. Supp. 2d 1194, 1197 (C.D. Cal. 2008).

Plaintiff's counsel served the State Court Petition, along with a Notice of Hearing, by personal service upon Sun Life on August 31, 2021. These documents were the initial pleadings received by Sun Life setting forth the claims upon which this action is based. True and correct copies of these documents, along with all pleadings, process, and other documents Sun Life has received in this action are attached hereto as **Exhibit 1**.

Because Sun Life is filing this Notice of Removal within 30 days after service of the State Court Petition on August 31, 2021, this notice is timely filed under 28 U.S.C. Section 1446(b). *See*

48613964_1.docx

1                                                                                   Case No. 2:21-at-900
SUN LIFE ASSURANCE COMPANY OF CANADA'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) ("[D]efendant's period for removal will be no less than 30 days from service….").

Sun Life is informed and believes, and thereon alleges, that other than the pleadings attached to this Notice of Removal as Exhibit 1, there have been no further pleadings, process, or orders filed in this action.

Concurrent with the filing of this Notice, Sun Life filed its Answer to the State Court Petition and its Counter/Cross-Claim-in-Interpleader (the "Interpleader") against Counter-Defendants-in-Interpleader Richard Bradley Ng, as trustee for the Ng Family Trust (the "Ng Family Trust"); Lisa M. Ng, as trustee for the Mary Ng Irrevocable Trust Dated 4/7/87 (the "Mary Ng Trust"); and the Estate of Mary A. Ng (collectively, the "Claimants-in-Interpleader"). A true and correct copy of Sun Life's Answer and Interpleader is attached hereto as **Exhibit 2**.

## I.   DIVERSITY JURISDICTION

### A.   Complete Diversity Exists Between the Parties

1. Original jurisdiction based on diversity of citizenship exists where the matter in controversy "is between . . . citizens of different States," 28 U.S.C. §1332(a)(1) and/or where the matter in controversy "is between . . . citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. §1332(a)(2).

2. Sun Life is, and at all relevant times was, a corporation organized under the laws of Canada with its principal place of business in the Province of Ontario, Canada and its principal place of business in the United States located in Wellesley Hills, Massachusetts. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …"); *see also The Hertz Corporation v. Friend*, 130 S. Ct. 1181 (2010) ("principal place of business" for removal purposes refers to the "place where a corporation's officers direct control, and coordinate the corporation's activities.").

3. Petitioner and Counter-Defendant-in-Interpleader Richard Bradley Ng, as trustee for the Ng Family Trust is, is and at all relevant times was, a citizen and resident of Sacramento County, California. *See* State Court Petition, ¶ 22(A). Accordingly, the Ng Family Trust is, and at all relevant

48613964_1.docx

2    Case No. 2:21-at-900
SUN LIFE ASSURANCE COMPANY OF CANADA'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

times was, a citizen of the State of California.  *See Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees.").

4. Counter-Defendant-in-Interpleader Lisa M. Ng, as trustee for the Mary Ng Irrevocable Trust Dated 4/7/87 (the "Mary Ng Trust") is, and at all relevant times was, a citizen and resident of Sacrament County, California.  *See* State Court Petition, ¶ 22(D).  Accordingly, the Mary Ng Trust is, and at all relevant times was, a citizen of the State of California.

5. Counter-Defendant-in-Interpleader the Estate of Mary A. Ng is, and at all relevant times was, a citizen of Sacramento County, California, insofar as Mary A. Ng was, at the time of her death, a citizen of the State of California.  *See* State Court Petition, ¶ 4.

6. Therefore, complete diversity exists under 28 U.S.C. Section 1332 because Sun Life is a citizen of the State of Massachusetts and all of the Claimants-in-Interpleader are citizens of the State of California.

## II.     THE AMOUNT IN CONTROVERSY

7. The amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

8. The face amount of the Sun Life insurance policy that is the subject of this action equals $225,000 (the "Death Benefit"), exclusive of interest and costs.  As set forth in the State Court Petition (Exhibit 1) and the Interpleader (Exhibit 2), this case concerns a dispute over who is the valid beneficiary of the Death Benefit.  The State Court Petition alleges that the Death Benefit should be paid to the Ng Family Trust.  The Interpleader alleges that Sun Life, a disinterested stakeholder, cannot determine to whom the Death Benefit should be paid without facing the potential for double liability because according to Sun Life's records, the policy beneficiary of record at the time of the insured's death was the Mary Ng Trust.  Yet, the Ng Family Trust has made a claim to the Death Benefit without providing documentation or proof that it is the proper beneficiary, as opposed to the Mary Ng Trust or the Estate of Mary A. Ng.  Thus, Sun Life cannot pay the Death Benefit without facing multiple liability.  Accordingly, the purpose of this action is to determine to whom the $225,000 Death Benefit, exclusive of interest, should be paid.

48613964_1.docx

3                                Case No. 2:21-at-900
SUN LIFE ASSURANCE COMPANY OF CANADA'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

### III. CONCLUSION

9. The County of Sacramento, California, in which the matter was filed, is within the jurisdiction of the United States District Court for the Eastern District of California.

10. Therefore, Sun Life files this Notice of Removal of this action from the Superior Court of the State of California in and for the County of Sacramento, in which it is now pending, to the United States District Court for the Eastern District of California.

11. A Notice to State Court and to Adverse Party is being filed with the Superior Court of the State of California in and for the County of Sacramento and will be served on Petitioner.

WHEREFORE, Sun Life prays that this action be removed from the Superior Court of the State of California in and for the County of Sacramento to the United States District Court for the Eastern District of California.

DATED: September 24, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Jenny H. Wang*
Jenny H. Wang
Attorneys for Respondent and Counter/Cross-Claimant-in-Interpleader
Sun Life Assurance Company of Canada

48613964_1.docx

4   Case No. 2:21-at-900
SUN LIFE ASSURANCE COMPANY OF CANADA'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

**PROOF OF SERVICE**
*The Ng Family Trust*
Case No. 2:21-at-900

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On September 24, 2021, I served the following document(s):

**SUN LIFE ASSURANCE COMPANY OF CANADA'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 24, 2021, at Costa Mesa, California.

Nieka Caruthers-Dodson

48613964_1.docx

5   Case No. 2:21-at-900
SUN LIFE ASSURANCE COMPANY OF CANADA'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

**SERVICE LIST**
*The Ng Family Trust*
Case No. 2:21-at-900

Michael G. Abrate, Esq.  Attorneys for Petitioner
Abrate & Olsen Law Group  Richard Bradley Ng
655 University Avenue, Suite 230
Sacramento, CA  95825
Telephone:    916-550-2688
mike@abrateandolsen.com

D. Lisa Mary Ng
4840 Kipling Drive
Carmichael, CA 95608

48613964.1